FILED
SUPERIOR COURT
OF GUAM

2014 MAY -6 AM 8: 39

CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT
OF GUAM**

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE No. CF 0646-13 |
| v. | **DECISION AND ORDER** |
| JESSE JAMES FEJERANG, | |
| Defendant, | |
| BENJAMIN WEGER FERRER, JR., | |
| Defendant | |

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant Fejerang's motions for a bill of particulars, and to dismiss and Defendant Ferrer Jr.'s motion for joinder, were taken under advisement on April 30, 2014. The People are represented by Assistant Attorney General Gerald L. Henderson. Defendant Fejerang, is represented by Attorney William Pole. Defendant Ferrer Jr. is represented by Attorney Eric R. Overton. After reviewing and considering the memoranda and papers of the Parties and the file herein the Court hereby denies Defendants' motions.

# BACKGROUND

**Motion for Bill of Particulars**

The Defendant Fejerang was indicted December 3, 2013 on three charges: 1) Complicity to Commit Second Degree Robbery, as a 2nd Degree Felony, 2) Third Degree Robbery, as a 3rd Degree Felony, and 3) Assault, as a Misdemeanor. Defendant Ferrer, Jr. was indicted on December 3, 2013 on two charges: 1) Attempted Second Degree Robbery, as a 2nd Degree Felony, and 2) Aggravated Assault, as a 3rd Degree Felony.

On March 5, 2014, Defendant Fejerang, filed a Motion for a Bill of Particulars. In it Defendant asserts that his first charge, of inducing or aiding another to intentionally put Joseph Angel Sanchez in fear of immediate serious bodily injury, does not identify who the Defendant induced or aided. He reasons that because the co-defendant, Defendant Ferrer Jr., is only charged with attempted second degree robbery, the other person cannot be the co-defendant.

Defendant Fejerang also argues that the People should be required to further clarify whether he promoted or assisted with the robbery. He complains that the indictment does not sufficiently explain the theory of the robbery or its participants.

As to his second charge Defendant Fejerang argues that the indictment does not sufficiently explain what is meant by overcoming Joeseph Angel Sanchez's physical resistance or physical power of resistance. As to his third charge Defendant Fejerang argues that the People must let him know whether it is alleging that he recklessly caused or attempted to cause bodily injury. In support of this argument Defendant argues that this is necessary because they each have different legal elements.

The People did not file a paper in opposition to Defendant Fejerang's motion.

**Motion to Dismiss**

On March 5, 2014, Defendant Fejerang filed a motion to dismiss. Citing Sections 50.54 and 55.10(b) of Title 8 of the Guam Code as well as the Due Process Clause of the U.S. Constitution, he requests that his first charge be dismissed. In support of this request Defendant argues that there is not probable cause to support the indicted charge.

The People did not file a paper in opposition to Defendant Fejerang's motion.

**Motion to Join**

On April 17, 2014, Defendant Ferrer Jr. filed a Motion of Joinder with Motions filed by co-defendant. In it he asserts that he is adopting and incorporating by reference Defendant Ferejang's motions as to himself.

## DISCUSSION

**I.**

The requesting and granting of a motion for a bill of particulars is regulated by Section 55.30 of the Guam Code. 8 GCA § 55.30 (2013). It provides,

> Whether or not an indictment or information complies with § 55.10, if it fails to specify the particulars of the offense sufficiently to enable the defendant to prepare his defense, the court may, on motion of the defendant, require the prosecuting attorney to furnish the defendant with a clarification of the pleading containing such particulars as may be necessary for the preparation of the defense.

*Id.* The Guam Supreme Court has yet to analyze or interpret the above section or establish a standard by which a request for a bill of particulars is to be reviewed. However, in November of this past year, while reviewing an indictment's facial sufficiency, the Guam Supreme Court explained that an "indictment serves two essential purposes: it affirms that the grand jury found probable cause for the charges in the indictment, and it gives the defendant notice of the

charges." *Guam v. San Nicolas*, 2013 Guam 21 ¶ 12. Speaking to this requirement of notice, Section 55.30, mandates that an indictment "enable a defendant to prepare his defense." *Id.*

This past July, addressing the standard of review that is be applied to a motion for a bill of particulars, the U.S. 7th Circuit Court of Appeals held, "an indictment that includes each of the elements of the charged offense, the time and place of the accused's allegedly criminal conduct, and a citation to the applicable statute or statutes is sufficient to meet that standard. *U.S. v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013) (citations omitted). The 7th Circuit explained, "we recognize the importance of ensuring that a defendant has sufficient information about his charges to allow him to prepare an adequate defense, but we have also explained that a bill of particulars is unnecessary if the information the defendant seeks is readily available through alternate means such as discovery." *Id.* A review of other U.S. Federal Circuit Courts of Appeal reveals they similarly analyze requests for bills of particular. *U.S. v. Gonzales*, 436 F.3d 560, 573 (5th Cir. 2006); *U.S. v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) (An indictment is generally sufficient if it sets forth the offense in the words of the statute so long as the statute adequately states the elements of the offense); *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978) (An indictment need not go further and allege "in detail the factual proof that will be relied upon to support the charges).

In this case the first charge identifies the time and place of the event, the identity of the alleged victim, as well as the necessary statutory elements. Indictment at 1. Defendant argues that this is insufficient. Mot. at 2. He asserts that the indictment fails to specify the identity of the other person who he induced or aided to commit robbery upon the victim. *Id.* The Likewise as to his second charge Defendant asserts that the government does not explain what is meant by overcoming the victim's power of physical resistance. *Id.* However in making this

evidence that was presented to a grand jury was competent or credible, axiomatic to the statute's existence is the Court's duty to ensure some evidence was presented. *Id.*

In this case Defendant argues that as to his first charge that the police report provided to him by the People does not substantiate probable cause. Mot. at 1-2. However as set forth above this is not the standard by which the Court must review an indictment. *Quidachay*, 1986 WL 68912 at *1-2 (D. Guam App. Div. 1986). Absent some assertion by the Defendant that there was not some evidence of the elements of the charged crime, the Court is unable to review or grant his request. *Id.*

**III.**

Defendant Ferrer Jr. on April 17, 2014 filed a paper entitled, Motion of Joinder with Motions Filed by Co-Defendant. In it he requests that the motions of Defendant Fejerang be adopted and incorporated by reference as to him. Defendant cites no law or rule allowing the relief requested. Accordingly his motion is denied.

**CONCLUSION**

Based on the foregoing, the Defendants' motions for a bill of particulars, to dismiss, and joinder are DENIED. Further Proceedings are set for June 3, 2014 at 9:10 a.m.

SO ORDERED, this 5th day of May 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

Page 6 of 6